IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANAKARLA GOMEZ; ENRIQUE LOPEZ, JR.; and ANAKARLA GOMEZ and ENRIQUE LOPEZ, JR., on behalf of A.L., a minor under the age of 8, A.L., a minor under the age of 6, and A.L., a minor under the age of 2,

    Plaintiffs,

    v.

JEFFREY WETHERINGTON; and FAITH ELECTRIC AND GENERAL BUILDING CONTRACTORS, LLC,

    Defendants.

CIVIL ACTION NO.: 4:25-cv-260

**O R D E R**

On November 17, 2025, this Court entered an Order directing Defendant Jeffrey Wetherington, who removed this case to this Court, to file an amended Notice of Removal appropriately addressing the citizenship, for diversity jurisdiction purposes, of co-Defendant Faith Electric and General Building Contractors, LLC ("Faith Electric"). (Doc. 4.) Specifically, the Court ordered Wetherington to fully and properly demonstrate that this Court has diversity jurisdiction over this case because, in his original Notice of Removal, Wetherington did not provide the necessary information to demonstrate the state or states of which Faith Electric, a limited liability corporation, is a citizen, (see doc. 1). (Doc. 4.)

A limited liability company's ("LLC") citizenship is not dependent upon its state of formation or the location of its principal place of business; instead, LLCs are citizens of every state in which each of their members are citizens. See Carden v. Arkoma Assocs., 494 U.S. 185, 187–

88 (1990) (for diversity purposes, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens); Rolling Greens MHP, LP v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1022 (11th Cir. 2004) (for purposes of diversity jurisdiction, an LLC is a citizen of any state of which a member of the company is a citizen).  In his original Notice of Removal, however, Wetherington did not allege any relevant facts regarding the citizenship of any members of Faith Electric.

According to the Complaint and the removal documents, Plaintiffs are citizens of South Carolina. (Docs. 1, 1-1 & 5.)  Accordingly, Defendant Wetherington (who is a citizen of Florida), as the removing Defendant, must be able to show that no member of Faith Electric is a citizen of South Carolina.  In his Amended Notice of Removal, Defendant Wetherington states that "Faith Electric has 23 members, 9 of which are individuals, 8 are trusts, and 6 are other unincorporated entities." (Doc. 5, p. 2.)  Wetherington then proceeds to state that eight of the individual members are citizens of either California, New York or Texas (and the remaining one individual member is not a citizen of any U.S. state). (Id. at pp. 3–4.)  As for the eight members that are trusts, Wetherington states that he is aware that the citizenship of each trust's trustee is material to the citizenship inquiry, but he fails to provide this information for any of the trusts.[1] (Id. at pp. 4–5.)  He states that he is "diligently working with Faith Electric to obtain information regarding the type of trust, as well as names and citizenship information of the trustees for each trust." (Id. at p. 4.)  Similarly, he states that he "is diligently working with Faith Electric to determine the citizenship of [three] member-unincorporated entities and will supplement this Amended Notice of Removal

---

[1] The method for determining a trust's citizenship for diversity purposes depends on whether it is a business trust or a traditional trust. Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 382–83 (2016). A business trust, which is an unincorporated entity capable of bringing suit in its own name, possesses the citizenship of its member-beneficiaries. Id. By contrast, "a 'traditional trust' holds the citizenship of its trustee, not of its beneficiaries." Alliant Tax Credit 31, Inc. v. Murphy, 924 F.3d 1134, 1143 (11th Cir. 2019) (citation omitted).

2

upon receipt of this information." (Id. at pp. 6–7.) The Amended Notice of Removal provides the following information about these "member-unincorporated entities":

> iv. Wilshire-Camp Associates, LP is a domestic, limited member of Faith Electric and is located in Beverly Hills, California. Wilshire-Camp Associates, LP is a single-member limited partnership. Its sole partner is Carl D. Covitz and Aviva H. Covitz, Trustees of the Covitz Family Revocable Trust. [Footnote: Defendant Wetherington is working diligently to obtain the citizenship of Carl D. Covitz and Aviva H. Covitz and will supplement this Amended Notice of Removal upon receipt of this information.]
>
> v. F.E. Series C, LP is a domestic, limited member of Faith Electric and is located in Austin, Texas.
>
> vi. Beck Family Partners, LP is a domestic, limited member of Faith Electric and is located in Water Mill, New York.

(Id.) Three weeks have passed since Wetherington filed the Amended Notice of Removal and, in that time, he has not provided any of the missing information concerning Faith Electric's members' citizenship.

Federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005) (citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11, 1 L. Ed. 718 (1799)). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir.1994); see, e.g., 14C Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3d § 3733 (3d ed. 1998 & Supp. 2008). Wetherington, as the removing party, bears the burden of adequately alleging the parties' citizenships. Caron v. NCL (Bahamas), Ltd., 910 F.3d 1359, 1363–64 (11th Cir. 2018) (The party invoking federal jurisdiction "must prove, by a preponderance of the evidence, facts supporting the exercise of jurisdiction."). Here, neither the Notice of Removal, nor the Amended Notice of Removal, nor the state court filings, contain complete and proper allegations regarding the citizenship of Faith Electric, which is necessary to

complete the requisite allegations for diversity jurisdiction.  Therefore, the Court lacks jurisdiction over this case.  The Court **DIRECTS** the Clerk of Court to **REMAND** this case to the State Court of Bryan County, Georgia, and to **CLOSE** this case.

**SO ORDERED**, this 23rd day of December, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA